UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL J. FISK,<br><br>                Plaintiff,<br><br>    v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security,[1]<br><br>                Defendant. | No.: CV-11-420-EFS<br><br>**ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION AND DENYING PLAINTIFF'S SUMMARY-JUDGMENT MOTION** |

    Before the Court, without oral argument, are two cross-summary-judgment motions. ECF Nos. 18 & 20. Plaintiff Paul J. Fisk appeals the Administrative Law Judge's (ALJ) denial of benefits. Mr. Fisk contends the ALJ erred; he asks the Court to 1) find that he is entitled to disability insurance benefits and supplemental security income benefits, or, alternatively, 2) remand the matter to the ALJ to allow for a medical consultative examination and vocational testimony, if necessary. Defendant Commissioner of Social Security Michael Astrue

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this lawsuit. No further action need be taken to continue this lawsuit. 42 U.S.C. § 405(g).

ORDER - 1

("Commissioner") asks the Court to affirm the ALJ's decision that Mr. Fisk is capable of returning to his past relevant work. After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Mr. Fisk's motion and grants the Commissioner's motion.

**A.   Statement of Facts[2]**

Mr. Fisk was born on May 10, 1967. ECF No. 10 at 94. He attended school until his junior year, and he has not obtained a GED. *Id.* at 37. He worked as a print shop laborer (medium work, semi-skilled), in housekeeping (light work, unskilled), as a laundry worker (medium work, unskilled), and as a lumber yard security guard (light work, semi-skilled). *Id.* at 49. Mr. Fisk has not worked since his alleged disability onset: November 1, 2004. *Id.* at 18. Mr. Fisk alleges that he experiences generalized anxiety disorder, dysthymia, post-traumatic stress disorder due to sexual abuse as a child, social phobia, learning disability, and degenerative disk disease of the cervical spine. *Id.* at 189, 410.

**B.   Procedural History**

On August 30, 2007, Mr. Fisk filed concurrent applications for Social Security Disability Benefits and Supplemental Security Income Benefits (hereinafter, "claim for benefits"), alleging an onset of

---

[2] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing transcript and the ALJ's decision.

ORDER ~ 2

disability beginning November 1, 2004, due to "PTSD [post-traumatic stress disorder] and back trauma." ECF No. 10 at 105, 112. His claims for benefits were denied. Mr. Fisk then requested an administrative hearing, which was held on October 14, 2009, before ALJ Michael Hertzig. On January 22, 2010, the ALJ denied Mr. Fisk's claim for benefits. *Id.* at 16-24. The Appeals Council thereafter denied Mr. Fisk's request for review. *Id.* at 1-6.

On November 3, 2011, Mr. Fisk filed this lawsuit, claiming that the ALJ's decision was not supported by substantial evidence. ECF No. 4. On June 18, 2012, Mr. Fisk filed his Motion for Summary Judgment, ECF No. 18, and on July 30, 2012, the Commissioner filed a Motion for Summary Judgment, ECF No. 20.

**C.  Disability Determination**

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§

ORDER ~ 3

404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not meet or equal one of the listed impairments, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past. This includes determining the claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).

ORDER - 4

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The claimant meets this burden if he establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts to the Commissioner to show 1) the claimant can perform other substantial gainful activity, and 2) that a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

**D.    Standard of Review**

On review, the Court considers the record as a whole, not just the evidence supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court upholds the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record as a whole to support the decision. *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1987) (recognizing that a decision

ORDER - 5

supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989); *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [ALJ] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). If the evidence supports more than one rational interpretation, the Court must uphold the ALJ's decision. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**E. Analysis**

Mr. Fisk argues the ALJ's decision is not supported by substantial evidence because, by accepting Dr. Thomas Genthe's November 2007 psychological examination, the ALJ failed to fully account for Mr. Fisk's anxiety, depression, and limited education, and resultantly, failed to apply the correct legal standard. Upon review of the entire record, the Court finds the ALJ's determination that Mr. Fisk is not disabled is supported by substantial evidence.

In reaching his conclusions for steps one through four, the ALJ considered the entire evidence. The ALJ not only considered Dr.

ORDER - 6

Genthe's findings but also considered the other medical documentation and findings, including Dr. James Bailey's October 2007 Mental Residual Functional Capacity Assessment and Psychiatric Review Technique. The ALJ also discounted Mr. Fisk's symptomology complaints: "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual funcational capacity assessment." ECF No. 10 at 21. After considering all of the evidence in the file, the Court concludes that the ALJ's determination that, "although the claimant has impairment-related functional limitations, the evidence supports a finding that he remains capable of working within the aforementioned residual functional capacity," is supported by substantial evidence. *Id.* at 23. The ALJ applied the appropriate legal standards and there is no need to obtain a psychological consultation or testimony from a medical expert. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

**E.  Conclusion**

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Fisk's Motion for Summary Judgment, **ECF No. 18**, is **DENIED.**

2. The Commissioner's Motion for Summary Judgment, **ECF No. 20**, is **GRANTED**.

ORDER - 7

3. **Judgment** is to be entered in the Commissioner's favor.

4. The case shall be **CLOSED.**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel.

**DATED** this 12th day of June 2013.


                              s/ Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2011\0420.social.sec.lc1.docx

ORDER - 8